IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRIAN LEE RUSSELL** | § | |
| | § | |
| **V.** | § | **A-16-CV-658-LY** |
| | § | |
| **LORIE DAVIS** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C.

§ 2254 (Document 1) and Respondent's Motion to Dismiss (Document 6). Petitioner did not file a

response thereto.  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.

For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas

corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and

sentence of the 427th Judicial District Court of Travis County, Texas.  Petitioner was convicted of

murder and was sentenced to 40 years in prison on March 26, 2012.  The Third Court of Appeals

affirmed Petitioner's conviction on April 18, 2014. Russell v. State, No. 03-12-00440-CR, 2014 WL

1572473 (Tex. App. – Austin 2014, pet. ref'd.). Petitioner's petition for discretionary review was

refused on October 1, 2014. Russell v. State, PD-0732-14 (Tex. Crim. App. 2014).

Petitioner also challenged his conviction in a state application for habeas corpus relief

executed on August 7, 2015.  The Texas Court of Criminal Appeals denied it without written order

on October 14, 2015.  Ex parte Russell, Appl. No. 83,900-01 at cover.

**B.**     **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      His trial counsel was ineffective;

2.      The interrogation video was unfairly prejudicial because it showed him in his prison
        clothing; and

3.      The evidence was insufficient to support his conviction.

## II.  DISCUSSION AND ANALYSIS

**A.**     **Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred.  Federal law establishes

a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C.

§ 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct
> > review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State
> > action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized
> by the Supreme Court, if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on December 30, 2014, at the conclusion

of time during which he could have filed a petition for writ of certiorari with the United States

Supreme Court.  See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a

judgment of a lower state court that is subject to discretionary review by the state court of last resort

is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary

review.").  Petitioner's state application for habeas corpus relief tolled the one-year limitations

period.  At the time Petitioner executed his state application for habeas corpus relief on August 7,

2015, only 145 days remained of the one-year limitations period.  As mentioned above, the Court

of Criminal Appeals denied Petitioner's state application on October 14, 2015.  Therefore, Petitioner

had until March 7, 2016, to timely file his federal application.  Petitioner did not execute his federal

application for habeas corpus relief until May 31, 2016, after the limitations period had expired.

Petitioner may be asserting he is entitled to equitable tolling because he allegedly did not

receive notice the Court of Criminal Appeals denied his state application until February 14, 2016.

The Supreme Court announced, the AEDPA's statute of limitations is subject to equitable tolling in

proper cases.  See Holland v. Florida, 560 U.S. 631, 645 (2010).  "A habeas petitioner is entitled to

equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted).  Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations).  The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline").  As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed

to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714.  The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

As explained by Respondent, Petitioner has not shown he has diligently pursued federal habeas corpus relief.  Petitioner delayed more than seven months after his conviction became final before he filed a state application for habeas corpus relief.  More than four months after the Court of Criminal Appeals denied the state application Petitioner's mother sent a letter to the Court of Criminal Appeals inquiring as to the status of the state application.  Petitioner admits he learned of the denial on February 14, 2016, yet he waited until May 31, 2016, before executing his federal application.  As such, Petitioner has not shown he has diligently pursued habeas corpus relief.

In conclusion, Petitioner has failed to establish any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").  In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to

6

deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED this 17th day of November, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE